UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMMY LEE MORTON,                                )
                          Plaintiff,             )
                                                 )          No. 1:26-cv-1763
-v-                                              )
                                                 )          Honorable Paul L. Maloney
MUSKEGON COUNTY FRIEND OF THE COURT,  )
et al.,                                          )
                          Defendants.            )
                                                 )

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Magistrate Judge issued a report recommending the court dismiss this lawsuit, ECF No. 6, and Plaintiff Jammy Morton filed objections, ECF No. 7.

Plaintiff, proceeding without the assistance of counsel, sued a state court judge, the Friend of the Court office, and a child support specialist associated with the state court. Plaintiff requested and this court granted leave to proceed without prepaying the filing fee. Congress authorized the commencement of civil actions without paying the filing fee in 28 U.S.C. § 1915.

A litigant's ability to commence a lawsuit under this statute is a privilege, not a right. *See Childs v. Pellegrin,* 822 F.2d 1382, 1384 (6th Cir. 1987) ("As this statute makes, clear, 'the appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis,* a matter of the discretion of the court. It is a privilege and not a right."); *accord Treff v. Galetka,* 74 F.3d 191, 197 (10th Cir. 1996) ("Leave to proceed without prepayment of fees and costs is a privilege, not a right."); *Startti v. United States,* 415 F.2d 1115, 1116 (5th Cir. 1969) (per curiam) (same); *Higgins v. Steele,* 195 F.2d 366, 368 (8th Cir. 1952)

(same); *Jefferson v. United States*, 722 F.2d 723, 725 (9th Cir. 1960) (same); *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) (same).  And because the ability to proceed *in forma pauperis* is a privilege not a right, Congress may impose reasonable conditions or limitations on the exercise of that privilege.  The Sixth Circuit Court of Appeals interprets § 1915(e) as requiring a review of a complaint by the district court: "The Prison Litigation Reform Act ("PLRA")  requires district courts to screen and dismiss complaints that are frivolous, malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief."  *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing 28 U.S.C. § 1915A(b); *see Brown v. MDOC*, No. 25-1576, 2026 WL 1333575, at *2 (6th Cir. May 8, 2026) (same and citing both § 1915(A) and § 1915(e)).

The Magistrate Judge conducted the review of Plaintiff's complaint required by the Sixth Circuit.  The Magistrate Judge identified reasons the claims against each defendant must fail.  In addition, the Magistrate Judge found that the federal court lacked subject matter jurisdiction over the entire lawsuit.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Plaintiff timely filed objections, which the court has reviewed.  Plaintiff's objections do not, however, address any of the problems identified in the Report and Recommendation. The state court judge enjoys absolute immunity, the specialist enjoys quasi-judicial immunity and the statute of limitations expired for the claims against the specialist, and the Friend of the Court office is an arm of the state and enjoys immunity from lawsuits seeking damages under the Eleventh Amendment.  And, Plaintiff did not address the Magistrate Judge's conclusion that this court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.

Accordingly, the court **ADOPTS** the report and recommendation (ECF No. 6) and **DISMISSES** this lawsuit.  Because this court lacks jurisdiction, the dismissal must be without prejudice.  *See Ernst v. Rising*, 427 F.3d 351, 366-67 (6th Cir. 2005).  **IT IS SO ORDERED.**


Date:   June 26, 2026                         /s/  Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge